IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard B. Lamb, ) | C/A No.: 3:15-4626-DCN-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| The State of South Carolina; Governor ) | REPORT AND RECOMMENDATION |
| Nikki Haley and as a private citizen; ) | |
| Kevin Shwedo, Director of D.M.V. and ) | |
| as a private citizen; Attorney General A. ) | |
| Wilson; Tina Ramsey, State Fiscal ) | |
| Accountability Authority; and Driver ) | |
| License Compact, 45 State Member ) | |
| Parties Reciprocal, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Richard B. Lamb ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Plaintiff sues South Carolina Governor Nikki Haley, personally and in her official capacity; the State of South Carolina; Director of the Department of Motor Vehicles Kevin Shwedo, personally and in his official capacity; Attorney General A. Wilson; Tina Ramsey of the State Fiscal Accountability Authority; and "Driver License Compact, 45 State Member Parties Reciprocal" (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons

that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Although Plaintiff's complaint consists of 22 pages, the complaint contains very few factual allegations and it is unclear how Defendants allegedly violated Plaintiff's constitutional rights. Plaintiff claims he "has been put under an illegal arrest & illegal confinement by Defendants since Nov/Dec., 2008." [ECF No. 1 at 4]. Plaintiff alleges he "has been deprived of his drivers license" for the last 7 years without due process of law. *Id.* Plaintiff states "he received a letter in Dec, 2008 that appeared to be from Defendants." *Id.* Plaintiff claims it was not an official summons or subpoena and it was not signed by anyone." *Id.* Plaintiff alleges the letter "listed 2 South Carolina criminal title code laws 56-10-240 & 56-10-245," both of which "are statutory criminal penal laws which automatically gives a defendant several constitutional rights listed in the US constitution & the rights issued & published in the South Carolina bench book manual rights of the defendant." *Id.* Plaintiff claims that since November 2008

> there has been only one communicate from defendants in regard to this issue specifying title code law 56-10-240 and 56-10-245, never anything else, until this October 26, 2015, after [he] filed a tort liability claim with defendants insurer & after they concluded that Plaintiff was in violation of the Financial Responsibility Act.

*Id.* at 7. Plaintiff argues Defendants did not address the alleged facts submitted in his claim and "simply came up with a new title code 56-9, the Financial Responsibility Act which is different & told to [him] on Oct 26, 2015 for the first time." *Id.* at 8.

2

Plaintiff argues 56-10-240(d) and 56-9-80[1] do not have provisions for suspending driver's licenses. *Id.* Plaintiff argues he has "not been convicted of any defendants said allegations or violations [and] they have never legally, officially, or properly charged [him], let alone convicted [him]." *Id.* at 9. Plaintiff seeks injunctive relief and monetary damages. *Id.* at 18, 20.

II.   Discussion

    A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the

---

[1] The undersigned notes that S.C. Code Ann. § 56-10-240 concerns requirements upon loss of insurance and S.C. Code Ann. § 56-9-80 concerns penalties for violations of the Motor Vehicle Financial Responsibility Act.

development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

The factual allegations in Plaintiff's complaint state Plaintiff was arrested, illegally confined, and deprived of his driver's license without due process of law. [ECF No. 1 at 4]. Plaintiff, however, does not provide any facts concerning his arrest

and confinement, the deprivation of his driver's license, or Defendants' actions related to the arrest, confinement, or deprivation. The complaint's bare factual assertions do not meet the required pleading standards, and therefore the complaint fails to state a claim for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (finding that statute allowing dismissal of in forma pauperis claims "encompasses complaints that are either legally or factually baseless"). Accordingly, Plaintiff's complaint should be summarily dismissed.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the district court dismiss this case without prejudice and without issuance and service of process. If the district court accepts this recommendation, Plaintiff's pending motion to validate his driver's license [ECF No. 9] and motion for hearing [ECF No. 10] will be rendered moot.

IT IS SO RECOMMENDED.

January 29, 2016                                      Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).